SIDNEY N. RUPERT, Plaintiff, *v.* THE JOHNSTON HARVESTER Co., Defendant.

(Supreme Court, Genesee Trial Term, October, 1916.)

Jury — testimony of jurors as to what occurred on voir dire examination of fellow juror — when testimony as to what occurred in jury room cannot be used — new trial.

> The testimony of jurors as to what occurred on the *voir dire* examination of a fellow juror can be used on a motion for a new trial based upon the fact that upon such examination he concealed and omitted to reveal his relations with officers and members of the defendant corporation.
>
> Testimony as to what occurred in the jury room during the deliberations of the jury cannot be used on plaintiff's motion for a new trial.

MOTION by plaintiff for a new trial.

Russell L. Kinsey for·motion.

Bayard J. Stedman opposed.

BROWN, J. The plaintiff charges that upon the impanelling of the jury juror Marble concealed and omitted to reveal the existence of relations with officers and members of defendant corporation, upon proper inquiry, whereby plaintiff refrained from exercising his right of peremptory challenge and thus permitted the juror to participate in the rendering of a verdict of no cause of action. Ten days after the verdict was rendered plaintiff laid an information before a committing magistrate in Batavia upon which subpoenas were issued and seven members of the jury were sworn and examined upon the questions, viz.: *First,* what occurred upon the *voir dire* examination of

juror Marble, and, *second,* what occurred in the jury room during the deliberation of the jury.

The examination of such jurors upon the first question can be used on this motion; the testimony obtained upon the second question cannot be used upon this motion. *Jepson* v. *Crosstown,* 72 Misc. Rep. 103.

One juror, Mr. Lupperger, testified in answer to a question by plaintiff's counsel: " Q. You heard me ask him, as I did all of you, when you were empannelled, 'Are you acquainted with any of the officers or employees of the Harvester Works,' and you said you weren't? A. Yes. Q. And you heard Mr. Marble say to me that he wasn't, too? A. Yes." It is very difficult to see how plaintiff's counsel could have been misled by those questions and answers. At the time those alleged questions were asked, counsel for the plaintiff, who asked them, knew that in the city of Batavia there were upwards of 700 employees of the defendant who had resided there for many years; that Mr. Marble was then and for many years had been a house painter and had carried on his trade actively. In fact Mr. Marble has resided in Batavia for upwards of thirty years and it is beyond belief that plaintiff's counsel could have thought for a moment that the proposed juror did not know one of the hundreds of defendant's employees. Juror Parkins testified upon such examination as follows: " Q. You remember about my asking each juryman if they had any acquaintance with the officers or employees of defendant? A. Yes, you might have asked me, I don't remember." Juror Rider testified: " Q. You recollect that I asked you at least when you were being empannelled on the jury as to whether you had any acquaintance with any of the officers or officials of the Harvester Company and you replied you had not and that

was true? A. Yes." Juror Berry testified: "Q. You recollect when I empannelled the jury and examined jurymen I asked each and every juryman if they were acquainted with any of the officers or members of the Johnston Harvester Company. I asked you that and you said you weren't? A. Yes. Q. And I asked Mr. Marble and he said he wasn't, what did he say in that regard about Ames, about his knowing Ames? A. He had known Ames for a long time and he would take his word on anything, he didn't think he would lie."

Juror Scott testified: "Q. You remember, Mr. Scott, the fact that I asked you as well as all the other jurymen when you were being empannelled on the examination as to whether or not you knew, just as I asked you now, whether you knew any of the officers or members of the Johnston Harvester Company, and you said you didn't? A. I didn't know any of them, no, sir. Q. You remember me putting that question to you and the other jurymen when you were being empannelled? A. Yes." Jurors Ham and Marble were examined and no question was asked them as to any inquiries made of them or of other jurors on the *voir dire* examination.

It is thus seen that of the seven jurors examined on the John Doe proceedings Mr. Lupperger is the only one who attempts to state that Juror Marble on the *voir dire* examination said that he had no acquaintance with any officer of defendant.

Mr. Kinsey, attorney for the plaintiff, and Mr. Webster and Mr. Corti, attorneys, who assisted in the selection of the jury, state that Mr. Kinsey asked juror Marble whether he had any acquaintance with the members and officers of the defendant and also whether he had or had had any business relations with said officers or members of said corporation or officials thereof, and that Mr. Marble replied in the nega-

tive.   Talesmen Rusk, Craft, Lamka, Dorman and Hawkins state that they were examined and excused as jurors, that Mr. Kinsey asked Mr. Marble as to his acquaintance and business relations with any officers or members of the defendant, and that Mr. Marble replied in the negative; and that like questions were asked all other jurymen.

Mr. Stedman, the attorney for the defendant, Mr. Waterman, an attorney who assisted Mr. Stedman at the selection of the jury and during the trial, Mr. Marble, the juror, Mr. Sage, an assistant superintendent of defendant, and jurors Britton, Ham, Perkins, Judge, Lawton, Wood, Scott and Squires, in various affidavits submitted, give their version of the *voir dire* examination of juror Marble, all substantially agreeing that the only information sought by Mr. Kinsey as to the relations between Mr. Marble and the defendant was upon two subjects, viz.: Mr. Kinsey asked Mr. Marble whether he had any business relations with the defendant, and Mr. Marble replied that he had not; that Mr. Kinsey then asked Mr. Marble if he was acquainted with any of the officers of the defendant, and that Mr. Marble replied: " Yes, the same as I am with you," or, " the same as I am with you."

It does appear that Mr. Marble has known the secretary, the treasurer and one of the foremen of the defendant for some years; that two or three years ago he painted a house for defendant's secretary; a year ago last winter he refinished the floors, and two years ago he put a coat of shellac on some floors in the house of defendant's treasurer; that he worked for a painter who had a contract to paint the interior of the house of a purchasing agent of the defendant a year ago, and for half an hour a few days before the trial he touched over some spots in the same house, for which he was paid one dollar.   It also appears that a couple of

months before the trial he had talked with Mr. Kinsey about painting his house, had submitted a bid for the work, and that when Mr. Kinsey should conclude to give Mr. Marble the work, Mr. Marble was to be advised; that Mr. Marble had know Mr. Kinsey for some years.    It thus appears that juror Marble had the same relations and acquaintance with the officers of defendant that he had with the plaintiff's attorney, and it does not appear that he had or ever had had any business relations with the defendant.

Mr. Kinsey, Mr. Webster and Mr. Corti unite in saying that the answer of juror Marble, " Yes, the same as I am with you," was given in answer to Mr. Kinsey's question, "Are you acquainted with Mr. Stedman? " and not in answer to the question, "Are you acquainted with the officers of the defendant? "

An examination of the affidavits presented satisfies me that Mr. Kinsey, Mr. Webster and Mr. Corti sincerely believe that upon the *voir dire* examination Mr. Kinsey did inquire of juror Marble if he was acquainted with any of the members or officers of the defendant and if he had or had had any business relations with any such officers, and that such inquiries were answered in the negative.    Such examination, however, impresses me with the truth of the assertion that the actual inquiries were as to the jurors having or having had business relations with the defendant and as to their acquaintance with any of the officers of the defendant.    All of the jurors have spoken on this motion; nine of them agree that Mr. Kinsey's inquiry to Mr. Marble was, " Have you or have you had any business relations with the defendant? " Three of the jurors, Mr. Lupperger, Mr. Rider and Mr. Berry, are silent as to this particular inquiry. Nine jurors assert that Mr. Kinsey inquired of Mr. Marble whether he was acquainted with any of the

officers, etc., of the defendant, and that Mr. Marble replied, " Yes, the same as I am with you." One juror, Mr. Lupperger, states that Mr. Marble replied in the negative, and the remaining two jurors, Mr. Rider and Mr. Berry, do not state that any reply was made or that the question was asked.

Upon the entire case the conclusion is reached that juror Marble did not conceal from plaintiff's attorney, on proper inquiry, on his *voir dire* examination any ground of objection to him as a trial juror, and the motion must be denied.

Motion denied.